[Civ. No. 10731.   First Appellate District, Division Two.—March 15, 1938.]

MARGARETHE SCHLICHTEN, Respondent, v. CHARLES A. CHRISTIN, Appellant.

Rowland R. King and Thomas J. Keegan for Appellant.

Hadsell, Sweet, Ingalls & Lamb for Respondent.

STURTEVANT, J.—The plaintiff commenced an action against the defendant to recover a judgment for moneys had and received. The trial court made findings in favor of the plaintiff and from the judgment entered thereon the defendant has appealed.

The judgment fixed the amount of recovery at $9,137.19. That sum included an item of $2,000 arising out of what was known as the Kummerlander loan. Said item is the subject-matter of findings numbered 3, 6 and 9. The defendant contends that said findings are not supported by the evidence. That contention involves a consideration of the following facts: Commencing as early as 1923 the defendant engaged in receiving sums of money from various persons as a trustee. Under the terms of said trust the defendant undertook to receive from such persons moneys in various sums, to invest the same in making second mortgage loans, to collect the interest and principal as the same should fall due, and to account to the trustors therefor. No agreement was made under the terms of which the identity of the funds paid to him by any certain trustor would be preserved. When so inclined the defendant contributed his own funds in part to make loans. Moneys received from trustors were deposited in the defendant's name and later they were deposited in his "Special Account". As some of the loans made by him were in large amounts, and some of the moneys received by him were in small amounts, in some instances the moneys of two or more trustors were combined to make a single loan. In other instances moneys were received from a trustor, loaned in his name, and security taken in his name. If and when the latter course was pursued, nothing was contained in the trust agreement which in any manner authorized the defendant to alter the rights of any trustor under the laws governing, and applicable to, negotiable instruments.

On August 31, 1923, plaintiff paid to the defendant $7,500 to be loaned for her. Shortly thereafter she paid him an additional sum of $5,000 for the same purpose. Said sums

were deposited by the defendant in his bank account. They were also entered in his books of account. From time to time different loans were made to different persons, but no deed of trust or note secured by such deed of trust showed on its face that plaintiff had any interest therein.

Under the uncontradicted facts, a loan of $2,000 was made to Mr. and Mrs. Kummerlander. Said loan was a second deed of trust on real estate. It was evidenced by a note made payable to Helen Noble Jenkins, one of said trustors. The payment of the note was secured by a deed of trust, naming as trustee Mrs. Claya Budd, who was then the secretary of the defendant. There is no evidence that Helen Noble Jenkins ever indorsed or assigned said note. There is no evidence that the plaintiff ever purchased said note. In short, there is no evidence connecting the plaintiff with the title to said note except as follows: The defendant testified that he made entries in his books of the debits and credits showing that the Kummerlander loan was transferred to the plaintiff. He did not state that any moneys were used in the transaction. He testified that the plaintiff's moneys were commingled with his own and with the moneys of other trustors and, we may infer, if any moneys were used they were taken out of the commingled funds. Mrs. Budd testified to facts similar to and not materially different from the testimony of the defendant. Under these facts the trial court did not err in finding that the plaintiff's moneys were not invested in said note. Later the first mortgage on the Kummerlander property was foreclosed and the second deed of trust in the sum of $2,000 was wholly lost.

Throughout the trial the plaintiff contended that under all of the facts there was nothing to show the loss on the Kummerlander loan should be charged to her. However, the defendant contended that by the entries made in his books of account the Kummerlander loan was transferred to the plaintiff and that the loss incurred thereon, to wit, the sum of $2,000, was chargeable to the plaintiff. In this connection he argues that "the evidence introduced in respect to the Kummerlander loan conclusively establishes the fact that this loan was for the account of the plaintiff and was lost through no fault of the defendant". So far as our attention has been called to any passage in the record it will be conceded at once that the loss did not occur through any fault of the defendant.

However, the facts recited above show that the loan was made for Helen Noble Jenkins, that she is still the owner and holder thereof, and there is no evidence, except said entries in defendant's books of account, which tie the loss to this plaintiff, nor that show defendant was authorized to charge such loss to the plaintiff.

In his next point the defendant contends that the plaintiff authorized, approved, and acquiesced in the type of loan made by the defendant, and acquiesced in the various transfers of these loans. The first part of that contention will be conceded at once. But there is nothing to show that this plaintiff acquiesced in the purported transfer to her account of the Kummerlander note, that she ever knew anything about the transaction until long after the purported transfer had been made, nor, after she was informed of the purported transfer, that she did anything whatever indicating her acquiescence in the purported transfer. The defendant states she received the benefits of the Kummerlander loan from the date of the purported transfer to her. There is evidence in the record to that effect, but there is no evidence showing at the time she received such benefits she was informed as to the source thereof.

In his last point the defendant states that the method employed by him in making investments was not unauthorized. Generally speaking, that statement is sustained by the evidence. However, if the defendant means that the plaintiff authorized the purported transfer of the Kummerlander loan to her account in the manner hereinabove indicated, then he is mistaken. We find nothing in the record showing that she directly or indirectly authorized such transfer.

In nothing we have said are we to be understood as holding that the defendant is bound to bear the loss of the $2,000 incurred on the Kummerlander loan. But there is no evidence showing that this plaintiff should bear the burden. There are facts contained in the record showing or tending to show that such burden should have been borne by the several different persons engaged in the venture. (3 C. J. 868.) But under the pleadings as framed no such issues were presented to the trial court nor are we called upon to express an opinion thereon.

The judgment appealed from is affirmed.

Nourse, P. J., and Spence, J., concurred.